W. C. Morris *v.* J. W. Kimble, etc.

**Attachment.**
   A third party cannot hold personal property against an attaching creditor, where the purchase price has not been paid, nor the possession delivered.

APPEAL FROM McCRACKEN CIRCUIT COURT.

April 26, 1872.

Opinion by Judge Pryor:

The testimony in this case conduces to show that the New Orleans & Ohio Railroad Company owned near fifty-four tons of old iron that was sent to New Albany for the purpose of having it rerolled. The contract for the iron was made by Flournoy as the president of the company, with J. Bragdon & Co., without even the knowledge of the appellants, who are now asserting claim to the whole of it. The appellants were entirely ignorant that any of the old rails belonging to the New Orleans & Ohio Railroad Company had ever been converted into new ones, or had been exchanged by Flournoy for other rails. He had no such authority from appellants to make any such agreement with Bragdon & Co., and in fact no right or title had ever been acquired by the appellants to any of the old rails belonging to this railroad company, nor had Flournoy been authorized to dispose of them.

Flournoy made a contract with the appellants by which the rails that the latter had bought of the Mobile & Ohio Railroad Company were to be rerolled and the new rails used by way of loan on the track of the New Orleans & Ohio railroad.

It seems that the New Orleans Railroad Company was indebted to the Mobile & Ohio railroad, in the sum of ten or twelve hundred dollars, and that Flournoy agreed with Morris, etc., that if they would pay this debt, they might have all the old rails belonging to the New Orleans road. That Morris agreed to this and he understands paid the debt. If Morris had paid the debt and thereby acquired an equitable right to these old rails he might perhaps have asserted it against the company. It was an easy matter for Morris to have shown that the contract was executed by him and the money paid to

the Mobile & Ohio Railroad Company and the rails delivered, but this he has failed to do. These old rails, however, on the New Orleans road had not been delivered to Morris either actually or constructively, and Flournoy had sold or converted them into new rails without even Morris' knowledge. No right or title had ever vested in Morris so far as these old rails were concerned. He could not have maintained an action at law or equity to recover them, and even if he had paid the money to the Mobile road and Flournoy then refused to deliver the rails, his remedy would have been by an action on the contract for the recovery of damages. This contract, however, was so incomplete as to raise no equity on the part of the appellants, as against creditors and purchasers. The New Orleans Railroad Company had taken near fifty-four tons of the old rails from this road, had them rerolled or exchanged for new ones at New Albany, and returned to Paducah to be again laid upon the same track. They are attached by a bona fide creditor, and Morris comes in and asserts claim to these newly made rails for the reason that he had made an agreement with the president that he was to have all the old rails on the road if he paid a certain debt. The old rails were never delivered to him; there is no proof that he ever paid the debt and he seems never to have heard of the old rails after the agreement with Flournoy until this attachment was levied. He has no right to this property. The firm at New Albany, it seems, gave one ton of new rails for two of old and this would entitle the appellant to 21¾ tons of the iron levied on if necessary to pay his debt. This attached iron was sold by an agreement of parties, and what it brought does not appear, and all we can adjudge is that 21¾ tons of this railroad iron was subject to appellee's debt, and this is the only question presented in the case. A judgment by default was rendered against the railroad company.

Judgment affirmed.

*Bigger & Moss, for appellant.*

*Williams, for appellee.*